IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02778-CMA-MEH

BRIAN BRASS,

    Plaintiff,

v.

JOSEPH BIDEN, President of the United States, and
GINA M. RAIMONDO, Secretary of the U.S. Department of Commerce,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Injunctive Relief. ECF 9. Based on the record and for the reasons that follow, the Court respectfully recommends that the Motion be denied.

## BACKGROUND

The subject of Plaintiff's lawsuit is Executive Order No. 14043, titled "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees," which President Biden signed on September 9, 2021. The Executive Order requires each agency to "implement, to the extent consistent with applicable law, a program to require COVID vaccination for all of its Federal employees, with exceptions only as required by law." Exec. Order No. 14043, 86 Fed. Reg. 50989, 2021 WL 4148113 (Sept. 9, 2021). The Complaint implies that Plaintiff is a federal employee, presumably with the U.S. Department of Commerce.

He challenges the vaccine mandate on several grounds. First, he contends that it lacks any constitutional or statutory authority. Second, he claims the violation of his Fourth Amendment

right to be secure in his person and to be free of from injection of a foreign material and unproven drug of unknown long-term safety into his body. Third, he objects to the threats to his livelihood and his life that the mandate creates. He says he is "subject to or threatened with disciplinary action, to include termination of employment."

For relief, he asks this Court to invalidate the Executive Order and to free him from its requirements. He seeks immediate relief to prevent irreparable harm to himself and other federal employees.

Neither Defendant has appeared in this case yet. Indeed, it does not appear that Plaintiff has even served them with process. In his Motion, he requests the Court to compel their appearance and participation in his lawsuit. However, it is his responsibility to serve them and to do so in a way that complies with the requirements of Fed.R.Civ.P. 4. The Court observes that the ninety-day deadline of Fed.R.Civ.P. 4(m) to complete service of process is January 13, 2022. If he is suing his own employer, then presumably he has access to information about where and whom to direct service of process.

Now before the Court is his request for "immediate and permanent injunctive relief." ECF 9 at 2. He is not entitled to a *permanent* injunction because the case is not yet ready for a merits ruling. He cannot seek a *preliminary* injunction because Defendants have not received notice of his Motion. Fed.R.Civ.P. 65(a)(1). A litigant may ask for a temporary restraining order ("TRO") on an *ex parte* basis (that is, without notice to the other side), but he does not show how the requirements of Fed.R.Civ.P. 65(b)(1) justify such relief in this case. To qualify for a TRO, Plaintiff must explain why relief should be granted before—and indeed without—giving the enjoined party notice. *Id.*; *see also* D.C.COLO.LCivR 65.1.

2

Nevertheless, despite those procedural shortcomings, the Court will consider his request under the standard for obtaining a preliminary injunction. The Court does so because of his *pro se* status and his request for an "immediate" form of relief.

## LEGAL STANDARD

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*; *see also Winter v. N.R.D.C., Inc.*, 555 U.S. 7, 20 (2008) ("[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") The burden is on the movant to establish his right to the relief requested. *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

## DISCUSSION

The Court considers the four elements necessary for the entry of preliminary injunctive relief in turn below.

### Irreparable Harm

The first element tests the kind of harm Plaintiff would incur should the Court not enjoin Defendants now, pending the lawsuit's resolution. His Motion and Complaint leave unclear exactly what harm he is facing. Although his lawsuit concerns Executive Order 14043, he provides

no information about the terms by which his employing agency has implemented it. Presumably, the U.S. Department of Commerce (if it is his employer) has required compliance under threat of adverse employment action. It does not appear that the medical or religious *exemptions* to the vaccination requirement are at issue. If he is subject to the mandate, he does not say what the deadline for compliance is, what adverse action he has suffered up to this point or is imminent, or what internal administrative means for appeal or reconsideration are available. It may be that his concern is not yet ripe for judicial review. *Donovan v. Vance*, No. 21-CV-5148-TOR, 2021 WL 5979250, at *4-5 (E.D. Wash. Dec. 17, 2021); *McCray v. Biden*, No. 21-cv-2882 (RDM), 2021 WL 5823801, at *8-9 (D.D.C. Dec. 7, 2021).

He says only that he seeks to prevent "the loss of my livelihood and my vocation." ECF 9 at 2. Even if the Court were to construe his Motion as expressing a concrete fear of the imminent loss of his federal job, he still would not state an *irreparable* form of harm. The loss of employment income or other benefits can be remedied monetarily. *Barrington v. United Airlines, Inc.*, No. 21-cv-02602-RMR-STV, 2021 WL 4840855, at *7-8 (D. Colo. Oct. 14, 2021). However, the violation of a constitutional right, which Plaintiff also raises, could constitute an irreparable harm. *Okla. State Conference of NAACP v. O'Connor*, — F. Supp. 3d —, 2021 WL 4992754, at *6 (W.D. Okla. Oct. 27, 2021).

Substantial Likelihood of Prevailing

For present purposes only, the Court assumes that Plaintiff potentially could show irreparable harm. However, that finding in turn necessitates a cognizable constitutional violation and the likelihood of prevailing on the claim. The constitutional right that he contends his employer's vaccine mandate violates is the Fourth Amendment right to be secure in his person. However, he raises no legal argument to explain how the Fourth Amendment is implicated in the

vaccine context. Although a vaccine could be described as the act of injecting a foreign substance into a person's body, Plaintiff must cite legal authority for how that act falls within the Fourth Amendment's scope. Vaccine mandates have been approved in other contexts, *Rydie v. Biden*, No. DKC 21-2696, 2021 WL 5416545, at *4 (D. Md. Nov. 19, 2021) (noting "a long tradition of upholding mandatory vaccination laws under rational basis scrutiny because they were necessary to the public health"), presumably without raising the same Fourth Amendment concern that Plaintiff expresses here. Nor did *Rydie* find likely meritorious a "bodily integrity" based constitutional theory. *Id*.

At least as Plaintiff currently frames his request, a constitutional violation is needed for him to show irreparable harm, but as noted above, he does not explain how he likely will prevail on his Fourth Amendment violation theory. Nor does he show likelihood of prevailing on his other primary objection: that President Biden exceeded all lawful authority in promulgating the Executive Order (which his employing agency presumably is enforcing against him). Plaintiff makes that broad contention without acknowledging the Executive Order's first sentence in which President Biden cites his sources of authority. For one, the Executive Order relies on 5 U.S.C. §§ 3301, 3302, and 7301 as its statutory basis. They are "civil service laws" by which Congress permits the president to prescribe and enforce regulations regarding employee fitness and health. *Rydie*, 2021 WL 5416545 at *3; *McCray*, 2021 WL 5823801 at *3, n.2.  More importantly, however, the Executive Order cites the Constitution as a direct source of authority. The *Rydie* court rejected the argument "that President Biden improperly exercised the legislative power and encroached on Congress's authority," because the Constitution gives him "the authority to regulate the federal workforce." *Rydie*, 2021 WL 5416545 at *3.

In other words, the Executive Order is not the Government imposing the vaccine mandate against Plaintiff as a citizen but rather as an employee. In *Barrington*, 2021 WL 4840855 at *9, the Court declined to enjoin a private employer (United Airlines) from enforcing its COVID-19 vaccine requirement. Plaintiff refers to the emergency standard that the Occupational Safety and Health Administration had issued, noting that it "was recently struck down." ECF 9 at 2. However, that challenge involves "wholly different legal standards" than what the Executive Order raises. *Donovan*, 2021 WL 5979250 at *4.

Another defect that reduces the likelihood of Plaintiff prevailing on the merits is his failure to cite what legal authority permits him to sue Defendants in the first place. *Guettlein v. U.S. Merchant Marine Academy*, — F. Supp. 3d —, 2021 WL 6015192, at * (E.D.N.Y. Dec. 20, 2021). Both his Complaint and Motion leave unstated what statute creates a cause of action by which he may sue either President Biden or the U.S. Department of Commerce or permits this Court to enjoin them. It is unclear whether this Court may enjoin the president, but there is the potential that the Court could enjoin Secretary Raimondo as an executive official tasked with enforcing the Executive Order. *McCray*, 2021 WL 5823801 at *7, *9, n.3.

Harm to Defendants

This Court not only must consider the justifications for granting Plaintiff preliminary relief, but it must weigh Plaintiff's need for an injunction against the harm it would cause Defendants. Granting his Motion would hamper federal government administration. *Rydie*, 2021 WL 5416545 at *5. Similar concern over harm to a private employer's operations was discussed in *Barrington*, 2021 WL 4840855 at *8. The balance of harms therefore weighs against the entry of a preliminary injunction.

6

<u>Public Interests</u>

Lastly, the Court must include for consideration how the requested injunction would affect the *public*'s interests. Plaintiff doubts the underlying reasons for the COVID-19 vaccination mandate. However, he does not apply the same degree of certainty to disproving the reason for concern. That is, he does not demonstrate that the public unquestionably has no compelling interest to manage the spread of the COVID-19 virus, and he does not prove the total inefficacy of the vaccine option as a legitimate means to further that goal. Because of the possibility that his injunction could significantly affect others in a negative way, he does not show how the public interest factor weighs in his favor. *Rydie*, 2021 WL 5416545 at *5-6. *See also*, *Barrington*, 2021 WL 4840855 at *8 (declining to "find that enforcement of a policy that protects other employees and conforms to the guidance of the CDC is not in the public interest"). In addition, efficient federal government administration is in the interest of both the public and Plaintiff himself.

## CONCLUSION

The lawfulness of Executive Order 14043 is not at issue at this time. It is far too early in the development of this lawsuit to make that ultimate determination. What is at issue is whether Plaintiff should receive the benefit of his requested injunctive relief now, until the merits of his claim can be resolved. While a preliminary injunction would benefit him (in terms of avoiding any adverse employment consequences from refusing vaccination), there is a broader range of factors that the Court must evaluate before entering it. On balance—at least on the very limited record and argument presented—Plaintiff does not meet that standard.

Accordingly, the Court respectfully RECOMMENDS[1] that Plaintiff's Motion for Injunctive Relief [filed December 13, 2021; ECF 9], which the Court construes as a motion for a preliminary injunction, be **denied**.

Dated at Denver, Colorado, this 23rd day of December, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).