IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 21-cv-02778-CNS-MEH

BRIAN BRASS,

    Plaintiff,

v.

JOSEPH BIDEN, President of the United States, and
GINA M. RAIMONDO, Secretary of the U.S. Department of Commerce

    Defendants.

---

## ORDER

---

Before the Court is the Recommendation by Magistrate Judge Hegarty issued on September 22, 2022 (ECF No. 69). For the following reasons, the Court AFFIRMS in part and ADOPTS in part the Recommendation.

The parties were advised that they had fourteen days, after being served with a copy of the Recommendation, to file written objections in order to obtain reconsideration by the District Judge assigned to the case. *See* Fed. R. Civ. P. 72(b). Neither party has filed an objection to Judge Hegarty's Recommendation.[1]

Under 28 U.S.C. § 636(b)(1)(B), this Court may designate a magistrate judge to consider dispositive motions and submit recommendations to the Court. When a magistrate judge submits

---

[1] The Court granted Mr. Brass an extension of time to file an objection to the Magistrate Judge's Recommendation to October 14, 2022 (ECF No. 77). Despite this extension of time, Mr. Brass has not filed an objection to Judge Hegarty's Recommendation.

1

a recommendation, the Court must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A party's failure to file such written objections may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).

After reviewing all the relevant pleadings and briefing, the Court concludes that Judge Hegarty's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error on the face of the record. Nonetheless, the Court adopts only Judge Hagerty's recommendation that the Court conclude it lacks subject matter jurisdiction over Mr. Brass's claims (*See* ECF No. 69 at 7-9). Judge Hagerty correctly concluded that Mr. Brass's claims are precluded by the Civil Service Reform Act ("CSRA") (ECF No. 69 at 7). Like Judge Hegarty, the Court finds the reasoning of the Fourth Circuit's decision in *Rydie v. Biden* persuasive: the CSRA divests this Court of jurisdiction over Mr. Brass's challenge to Executive Order 14043. *See Rydie v. Biden*, No. 21-2359, 2022 WL 1153249, at *8 (4th Cir. Apr. 19, 2022). The Fifth Circuit has also concluded that the CSRA precludes the Court's exercise of jurisdiction over Mr. Brass's challenge to Executive Order 14043. *See Feds for Med. Freedom v. Biden*, 30 F.4th 503, 509-11 (5th Cir.).[2] This applies as well to Mr. Brass's constitutional challenge under the Fourth Amendment. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 12-13 (2012).

---

[2] Although en banc rehearing of the Fifth Circuit's *Feds for Medical Freedom* decision was granted in June 2022, the Court finds the reasoning of the panel's decision persuasive.

Because dismissal of Mr. Brass' claims on jurisdictional grounds is appropriate, the Court need not adopt Judge Hegarty's Recommendation to the extent it also recommends dismissal on ripeness grounds or because Mr. Brass has failed to state claims under Rule 12(b)(6) (*See* ECF No. 69 at 9-14). However, the Court agrees with Judge Hegarty's conclusion that leave to amend would be futile—given that the Court lacks subject matter jurisdiction over Mr. Brass's claims—and that dismissal with prejudice is appropriate (ECF No. 69 at 15).

For the reasons set forth above, the Court AFFIRMS in part and ADOPTS in part Judge Hegarty's Recommendation (ECF No. 69) as an Order of this Court. Defendants' Motion to Dismiss (ECF No. 25) is GRANTED. Mr. Brass' Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

DATED this 20th day of October 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge